ELIZABETH BRUCE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67862. Promulgated March 13, 1934.

*William H. Mondell, Esq.*, for the petitioner.
*Hartford Allen, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $4,696.32 in the petitioner's income taxes for the year 1928. A number of errors were assigned, but all have been waived except one, wherein the petitioner contends that she exchanged 500 shares of capital stock of E. E. Bruce & Co., pursuant to a plan of reorganization, solely for stock of another corporation, the Churchill Drug Co., a party to the reorganization, from which exchange no gain or loss should be recognized, and consequently the Commissioner erred in including any amount in her income as gain from this transaction.

On January 27, 1928, at a special meeting of the board of directors of the Churchill Drug Co., "called for the purpose of considering the purchase of the Capital Stock of E. E. Bruce and Company, Omaha," a resolution in the following form was adopted:

That the Board of Directors authorize the purchase of the Capital Stock of E. E. Bruce and Company of Omaha, Nebraska on such terms and conditions as may in their judgment seem advisable and that the President and Secretary be given authority to complete the purchase on these terms and conditions.

The outstanding capital stock of E. E. Bruce & Co. consisted of about 2,380 shares. It was all common stock. The petitioner and her sister each owned 700 shares and employees or former employees of the company owned about 980 shares. The petitioner and her sister desired to sell a part of their Bruce stock in order to reduce the investment in that company and bring it more in line as to amount with their other investments.

The president and the secretary of the Churchill Drug Co. on January 28, 1928, offered to purchase on behalf of the Churchill Drug Co. from the petitioner and her sister 400 shares of the capital stock of E. E. Bruce & Co. for $96,000. Each sister accepted the offer for 200 shares. Immediately after that sale had been agreed upon the president stated to the two sisters that the Churchill Drug Co. desired and intended to obtain all the outstanding stock of E. E. Bruce & Co. in order to merge the two corporations and offered on behalf of the Churchill Drug Co. to exchange 2,400 shares of its preferred stock for 1,000 shares of Bruce stock then owned by the two sisters. The sisters had never before received such an offer, but, after considering it for a part of that day, they accepted it. Within a few days new certificates were issued and payment of $48,000 was made to the petitioner to carry out the agreements of the parties made on January 28, 1928.

After January 28, 1928, and prior to April 19, 1928, the Churchill Drug Co. acquired the remaining outstanding shares of E. E. Bruce & Co.

The board of directors of E. E. Bruce & Co. met on April 18, 1928, and adopted a resolution " That a dividend of $183,096.23 dollars, as shown by auditor's final report, be declared as a dividend payable in merchandise to stockholders of record as their interest may appear as of April 18, 1928." And the officers were authorized " to transfer all assets of whatsoever kind and description, subject to liabilities to Churchill Drug Company of Omaha, Neb." Immediately following this meeting the corporation of E. E. Bruce & Co. was dissolved.

The Commissioner held that the 700 shares of stock of E. E. Bruce & Co. in the petitioner's hands had a basis for gain of $104,-580.64 and the profit from the disposition of the 700 shares was $63,419.36. He further held that the petitioner disposed of 700 shares in one transaction and recognized the gain from that transaction to the extent of the cash received, $48,000. The petitioner does not question the correctness of the figures used by the Commissioner representing basis, amount realized, or total gain from the disposition of 700 shares of E. E. Bruce & Co. stock. She concedes that she realized a gain from the sale of 200 shares of her Bruce stock,

but contends that no part of her gain from the disposition of the 500 shares is recognized for tax purposes in 1928. The Commissioner has deliberately refrained from asserting a claim for an increased deficiency in accordance with section 274 (e) of the Revenue Act of 1926. Thus we are not concerned with figures and the only issue before the Board is whether or not the petitioner has shown by the evidence that no part of her gain from the disposition of the 500 shares is recognized as income for 1928. The general rule is that the gain upon the exchange of property shall be recognized. Section 112. The petitioner contends that the exchange by her of the 500 shares comes under section 112 (b) (3), is an exception to the general rule, and none of her gain from this exchange is recognized. The Commissioner's determination is to the contrary and the presumption is that his determination is correct.

The parties agree that there was a reorganization and the petitioner gave up her 500 shares of Bruce stock and received the 1,200 shares of Churchill stock pursuant to the plan of reorganization. The petitioner contends that she disposed of her 700 shares of Bruce stock in two transactions. In this connection she relies upon the fact that she had entered into a binding agreement relating to the sale of 200 shares before she had heard of the plan of reorganization, whereas she began to negotiate for the exchange of 500 shares after she had heard of that plan. However, her tax liability in no way depends upon her knowledge or lack of knowledge of the plan of reorganization. Knowledge of the plan of reorganization and intent to act pursuant to it on the part of stockholders are not necessarily material factors in many cases coming under the reorganization provisions of the statute. The difficulty of administration, were this not so, is apparent. The plan of reorganization was not this taxpayer's plan, but that of the Churchill Drug Co. Despite the fact that she had entered into a binding agreement of sale or for the sale of 200 shares of her stock before she negotiated for the exchange of 500 shares, still both transactions were made pursuant to the same plan of reorganization. Although these two transactions may have been separate for many purposes, the disposition made of stock under the plan is to be looked at as a whole and the statute applied accordingly. Section 112. (b) (3) must be read with the other provisions of 112 relating to reorganizations. The provisions disclose an intent upon the part of Congress to ignore the gain to a stockholder at the time of a reorganization only in the event that that stockholder disposes of old stock solely for new stock. If, under the same plan, that stockholder receives any cash for old stock, then section 112 (b) (3) does not apply. Here the petitioner, pursuant to the plan of reorganization, gave up her rights to 700 shares of the stock of E. E. Bruce & Co. and received not only stock of the

Churchill Drug Co., but also cash. Thus section 112 (b) (3) does not apply, but the exchange which she made of the 700 shares would have been within the provisions of section (b) (3) if it were not for the fact that the property received in the exchange consisted not only of property permitted by such paragraph to be received without the recognition of gain, but also of money. Under section 112 (c) (1) her gain shall be recognized, but in an amount not in excess of the sum of such money. The Commissioner correctly applied this section.

*Decision will be entered for the respondent.*